UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
AURA SALAZAR,                              )
DAMARIS VENTURA,                           )
on behalf of themselves and all others     )
similarly situated,                        )
               Plaintiffs,               )
    v.                                     )
                                                     )
FULFILLMENT AMERICA, INC.,                 )
JOHN BARRY SR.,                            )
JOHN BARRY JR.,                            )
                                                       )
               Defendants.               )
)

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Introduction**

1.     This action is brought on behalf of workers formerly employed by Defendant Fulfillment America, Inc. ("Fulfillment America"), through the staffing company Job Done LLC ("Job Done"). As described below, Fulfillment America failed to provide sufficient notice of a mass layoff, in violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101 *et seq*. Plaintiffs bring these claims on behalf of themselves and all others similarly situated, pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 2104(a)(5). Additionally, Defendants failed to timely pay workers' wages in violation of the Massachusetts Payment of Wages Act, ("Massachusetts Wage Act"). Plaintiffs bring these claims on behalf of themselves and all others similarly situated, pursuant to Fed. R. Civ. P. 23 and M.G.L. c. 149, § 150.

**Parties**

2.  Plaintiff Aura Salazar is an adult resident of Boston, Massachusetts. Ms. Salazar formerly worked at Fulfillment America until she was terminated, without warning, as part of a mass layoff on or about December 31, 2022.

3.  Plaintiff Damaris Ventura is an adult resident of Boston, Massachusetts. Ms. Ventura formerly worked at Fulfillment America until she was terminated, without warning, as part of a mass layoff on or about December 31, 2022.

4.  Defendant Fulfillment America, Inc. is a Massachusetts corporation with a principal place of business at 17 Progress Road, Billerica, Massachusetts 01821.

5.  Defendant John Barry Sr. is an adult resident of Lynnfield, Massachusetts and is the president of Fulfillment America. Mr. Barry Sr. has been actively involved in the day-to-day operations of Fulfillment America, including developing, implementing, and approving employment policies, setting employees' pay rates, hiring and firing employees, and directing employees' work.

6.  Defendant John Barry Jr. is an adult resident of Groton, Massachusetts and is the treasurer of Fulfillment America. Mr. Barry Jr. has been actively involved in the day-to-day operations of Fulfillment America, including developing, implementing, and approving employment policies, setting employees' pay rates, hiring and firing employees, and directing employees' work.

**Jurisdiction and Venue**

7.  The court has original jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

8.  The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1367(a).

9. Venue in this forum is proper pursuant to 29 U.S.C. § 2104(a)(5).

10. Plaintiffs have filed an administrative complaint with the Massachusetts Attorney General's Office and have received permission to proceed in court.

**Facts**

11. Fulfillment America maintains a fulfillment center in Billerica, Massachusetts where, among other things, products are warehoused, assembled, picked, prepared, and shipped to local and national customers and consumers.

12. Plaintiffs worked at and for Fulfillment America's facility in Billerica, Massachusetts as hourly production workers. Plaintiffs were hired and paid through Job Done. On information and belief, Fulfillment America and Job Done had an agreement that Job Done would hire and handle payroll for hourly workers who performed services for Fulfillment America.

13. On or around December 31, 2022, there was a mass termination of Fulfillment America workers employed through Job Done.

14. On or around December 31, 2022, Fulfillment America abruptly ended its contract with Job Done.

15. On or around December 31, 2022, many workers received a text message from Job Done stating that Fulfillment America would no longer be working with Job Done and the workers' last day of work was December 30, 2022.

16. Fulfillment America, at all times relevant to this complaint, had the power to hire and fire employees, as evidenced (*inter alia*) by a mass termination of more than 100 employees on or around December 31, 2022.

17. Fulfillment America, at all times relevant to this complaint, supervised and controlled work schedules and conditions of employment, including but not limited to

establishing production quotas and timelines and having managers and supervisors supervise work performed by Plaintiffs and members of the class and ultimately terminating the employment of Plaintiffs and members of the class.

18.     Fulfillment America, at all times relevant to this complaint, maintained employment records; the workers would clock in and clock out on machines located at the Fulfillment America property near the machine used to clock in and clock out for other Fulfillment America employees.

19.     At all times relevant to this complaint, Plaintiffs and members of the class were employees of Fulfillment America.

20.     At all times relevant to this complaint, Plaintiffs and members of the class performed work on Fulfillment America property, working side by side with other Fulfillment America employees.

21.     At all times relevant to this complaint, Plaintiffs and members of the class performed work that was integral to Fulfillment America's business, namely all production related to literature, retail, and promotional product fulfillment services, including receiving orders, picking orders, performing quality checks, packing orders, and preparing orders for shipment.

22.     Plaintiffs and members of the class did not receive their final full wages on the date of termination but instead approximately two weeks following termination.

### Class Action Allegations

23.     Plaintiffs bring this class action lawsuit on behalf of themselves and all other workers who were laid off by Fulfillment America between December 31, 2022 and January 8, 2023, who suffered a loss of employment and/or did not receive full wages owed at termination.

24. The members of the class, believed to number in excess of 100 workers, are so numerous that joinder of all of them is impracticable.

25. There are issues of law and fact common to all class members. Indeed, all laid-off workers who suffered a loss of employment have identical claims under the WARN Act and the Massachusetts Wage Act. Common questions of law and fact predominate over any questions affecting only individual class members.

26. The claims of the Plaintiffs are typical of the claims of all members of the class, because all members of the class have the same claims.

27. The Plaintiffs and their counsel will fairly and adequately represent the interests of the class.

28. A class action is a superior method of adjudicating the claims of all similarly situated workers, because, among other things, their claims have a common basis in law and fact, and are too small to warrant separate individual actions.

**COUNT I**
**WARN Act (29 U.S.C. §§ 2101 *et seq*.)**
**(Against Fulfilment America)**

Plaintiffs incorporate the above paragraphs. Fulfillment America violated the WARN Act by carrying out a mass layoff without adequate warning. As a result, Plaintiffs and all others similarly situated suffered a loss of employment and are entitled to damages, including, without limitation, 60 days of pay and benefits, pursuant to 29 U.S.C. § 2104(a).

**COUNT II**
**Massachusetts Wage Act (M.G.L. c. 149, §§ 148, 150)**
**(Against Fulfilment America, John Barry Sr., John Barry Jr.)**

Plaintiffs incorporate the above paragraphs. Fulfillment America, its president John Barry Sr., and its treasurer, John Barry Jr. violated the Massachusetts Wage Act by failing to timely pay  final wages at termination**.** As a result, Plaintiffs and all others similarly situated are

entitled to damages, including, without limitation, mandatory treble damages, pursuant to M.G.L. c. 149, § 150.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter the following relief for Plaintiffs and all others similarly situated:

a. An order (1) certifying a class of similarly situated individuals pursuant to Fed. R. Civ. P. 23, (2) appointing Plaintiffs as class representatives, and (3) appointing Plaintiffs' counsel as class counsel;

b. An award of damages;

c. An award of liquidated damages, including treble damages under the Massachusetts wage laws;

d. An award of interest;

e. An award of attorneys' fees and costs; and

f. Such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

AURA SALAZAR, DEMARIS VENTURA
for and on behalf of themselves and all others
similarly situated,

By their attorneys,


*/s/ Hillary Schwab*
Hillary Schwab (BBO #666029)
Osvaldo Vazquez (BBO #711808)
FAIR WORK P.C.
192 South Street
Boston, MA 02114
(617) 607-3260
hillary@fairworklaw.com
oz@fairworklaw.com

Pablo Carrasco (BBO #693735)
Thomas L. Smith (BBO #673200)
JUSTICE AT WORK, INC.
33 Harrison Ave., Suite 501
Boston, MA 02111
(617) 599-3468
pcarrasco@jatwork.org
tsmith@jatwork.org

Dated: July 20, 2023