**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AURA SALAZAR,<br>DAMARIS VENTURA,<br>on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br><br>FULFILLMENT AMERICA, INC.,<br>JOHN BARRY SR.,<br>JOHN BARRY JR.<br><br>Defendants. | CASE NO. 1:23-cv-11625-LTS |

**ORDER GRANTING FINAL**
**APPROVING OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on an assented-to motion filed by Plaintiffs Aura Salazar and Damaris Ventura, on behalf of themselves and a certified class, for final approval of a settlement (the "Settlement") of *Salazar, et al. v. Fulfillment America, Inc.*, *et al.*, Case No. 1:23-cv-11625-LTS (D. Mass) (the "Action"). Plaintiffs have asserted claims for alleged violations of the Worker Adjustment and Retraining Notification Act ("WARN Act") and the Massachusetts Wage Act against Defendants Fulfillment America, Inc., John Barry Sr., and John Barry Jr. ("Defendants"). The terms of the Settlement are set out in a Settlement Agreement and Release ("Settlement Agreement") executed on January 30, 2026, which has been signed by Plaintiffs on behalf of the certified Class and Defendant Barry Jr. on behalf of Defendants (collectively, Plaintiffs and Defendants are referred to as the "Parties"). Doc. No. 93-2. Capitalized terms not

otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement. The Class is defined in prior Orders of this Court Doc. No. 49, Doc. No. 84.

On February 2, 2026, this Court preliminarily approved the Settlement as fair and reasonable and approved the issuance of a notice of the Settlement to Class Members. Doc. No. 95. A final "Fairness Hearing" was set for June 18, 2026.

Notice was sent to the Settlement Class Members pursuant to the terms of the Preliminary Approval Order.

The Court has considered Plaintiffs' Assented-To Motion for Final Approval of Class Action Settlement and the Affidavit of Class Counsel Osvaldo Vazquez attached thereto. Doc. No. 97, Doc No. 97-2. The Court held a hearing on June 18, 2026 at which time the parties and all other interested persons were heard concerning the proposed Settlement. Based on the papers filed with the Court and the presentations made by the parties, it appears to the Court that the Settlement is fair, reasonable, and adequate. Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Class.
2. The Court has determined that the Notice given to the Settlement Class fully and accurately informed Class Members of all material elements of the proposed settlement, their right to object, and constituted valid, due, and sufficient notice.
3. The notice and notice methodology implemented pursuant to the Settlement Agreement were reasonably calculated, under the circumstances, to apprise

members of the Class of the Settlement, their right to object to the Settlement and their right to appear at the Fairness Hearing.

**4.** The parties have filed proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715.

**5.** The Settlement is hereby APPROVED as fair, reasonable, and adequate.

**6.** The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder including, but not limited to, Defendants' payment of the Gross Settlement Amount in accordance with the terms of the Settlement Agreement.

**7.** The Court approves the service awards to three individuals: $5,000 each for Named Plaintiffs Aura Salazar and Damaris Ventura and of $2,000 for class member Lucia Guardado, in consideration of service provided to and on behalf of the Class.

**8.** The Court approves Massachusetts Coalition on Occupational Safety and Health ("Mass COSH") as the *cy pres* recipient of any residual funds resulting from the Settlement.

**9.** Class Counsel has adequately represented the Class for purposes of entering into and implementing the Settlement Agreement. The Court approves payment to Class Counsel for attorneys' fees, costs, and expenses in the amount of $175,000 in fees and $20,000 in costs as fair, reasonable, and adequate.

**10.** The Court dismisses the action, and all claims and causes of action asserted therein, on the merits and with prejudice, as to all Class Members. This dismissal

is without costs to any party, except as specifically provided in the Settlement Agreement.

**11.** The Court hereby adjudges and decrees that the Plaintiffs and all Class Members who did not opt out of the case have released and discharged the Defendants and all of the Releasees from any and all Released Claims to the extent provided in the Settlement Agreement.

**12.** Without affecting the finality of this Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and interpretation of the Settlement Agreement.

ENTERED this 18 day of June 2026.

/s/ Leo T. Sorokin

The Honorable Leo T. Sorokin
United States District Judge